JACKIE H. ROBINSON & ESTATE OF LOLITA I. ROBINSON, DECEASED, JACKIE II. ROBINSON, ADMINISTRATOR, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robinson v. Comm'r
Docket No. 248-11.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 37; January 8, 2015, Entered
Robinson v. Comm'r, T.C. Memo 2014-120, 2014 Tax Ct. Memo LEXIS 119 (T.C., 2014)
*37 Petitioner, Pro se.
For Respondent: Erin R. Hines, Washington, DC.
David Gustafson, Judge.
David Gustafson
ORDER AND DECISION
The Court issued its Memorandum Opinion on June 16, 2014. The opinion ended by stating that "Decision will be entered under Rule 155"--the Tax Court rule under which the parties are to perform the computation of the tax liability according to the Court's opinion.
Respondent filed his computation for entry of decision on August 5, 2014, and petitioners filed their computation for entry of decision on August 28, 2014, in which they raised three disputes. On October 7, 2014, we issued an order addressing the three points raised by petitioners, denying two of the issues and ordering the parties to file supplemental responses addressing the third issue of real estate taxes on the Magnolia house. Respondent submitted a revised computation on October 17, 2014, agreeing with the Court's analysis. On November 24, 2014, petitioners filed their reply to first supplemental response to computation for entry of decision in which they agree with respondent's revised computation as to the real estate taxes on the Magnolia house. In their reply, petitioners continue to raise some of the disputes *38 previously resolved in our order, as well as raising additional disagreements with respondent's revised computation. We now address petitioners' remaining contentions.
1. Taxes on the Magnolia house
On October 7, 2014, we ordered the parties to address the issue of real estate taxes on the Magnolia house showing why the computation in this case should not include an additional deduction of $8,543 for 2008 and, for 2007, $8,512 offset by the apparent Heron Way excess of $5,295, yielding a net additional 2007 deduction of $3,217. Respondent submitted a revised computation on October 17, 2014, agreeing with the Court's analysis. Petitioners agree with the revised computation as to real estate taxes for the Magnolia house, and it will be decided accordingly.
Nonetheless, petitioners take issue with the revised computation with respect to real estate taxes, asserting that they are entitled to claim an additional deduction for real estate taxes paid on the Eagle Beak property. In our opinion (at 6-7) we disallowed all deductions claimed for the Eagle Beak house because petitioners did not prove either that they made the mortgage payments or that they paid the real estate taxes for the house *39 in 2008. No deduction for real estate taxes for the Eagle Beak house will be allowed.
2. Claimed deduction for Eagle Beak house
As we have stated, our opinion disallowed entirely the deductions petitioners claimed for the Eagle Beak house. Petitioners disagree with respondent's revised computation alleging that respondent seeks to add additional income to their adjusted gross income for 2008 in an amount greater than what they originally claimed as a deduction. It appears, however, that petitioners confuse the amount they claimed as a deduction on their 2008 Schedule E, $57,956, with the loss they calculated after subtracting that deduction from reported rental income, $17,816. Therefore we will disallow petitioners' contention.
3. Losses from Annandale Play-Care, Inc.
In our opinion and in our order issued on October 7, 2014, we denied petitioners' contentions that they are entitled to additional losses from Annandale Play-Care that they allege they failed to report. Having already decided this issue we will not entertain further argument from petitioners on this matter.
Pursuant to the determination of the Court as set forth in its Memorandum Opinion (T.C. Memo. 2014-120), filed June 16, 2014, and incorporating herein the *40 facts recited in respondent's revised computation as the findings of the Court, it is
ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioners for the taxable years 2007 and 2008 in the amounts of $28,037.00 and $16,885.00, respectively; and
That there are penalties due from petitioners for the taxable years 2007 and 2008, under the provisions of section 6662(a), in the amounts of $5,607.40 and $3,377.00, respectively.
(Signed) David Gustafson
Judge
ENTERED: JAN 08 2015